IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTT W. GRAVES | § | |
| VS. | § | CIVIL ACTION NO.9:16-CV-170 |
| DAVID W. MBUGUA, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Scott W. Graves, an inmate currently confined at the Michaels Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Mbugua, Gray and Hanson.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends plaintiff's motion for a preliminary injunction and/or temporary restraining order be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. Plaintiff concedes in his objections that he has moved units since filing his motion for preliminary injunction

and/or temporary restraining injunction. As outlined by the Magistrate Judge, a transfer of units makes the motion for preliminary injunction and/or temporary restraining order moot.[1]

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

**So Ordered and Signed**
**Jan 13, 2017**

_____
Ron Clark, United States District Judge

---

[1] Plaintiff was originally housed at the Gib Lewis Unit when he filed suit and was ultimately transferred to the Michaels Unit. The Magistrate Judge erred in stating plaintiff was transferred from the Eastham Unit. This error, however, has no bearing or consequence on the ultimate finding that plaintiff's motion for preliminary injunction and/or temporary restraining order is moot.