IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTT W. GRAVES. | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-170 |
| DR. MICHELLE LASTRAPES, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Scott W. Graves, an inmate confined at the Michaels Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against defendant Michelle Lastrapes.

The court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendant Bradshaw's 12(b)(6) Motion to Dismiss for failure to exhaust administrative remedies be granted..

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). As outlined below, the court finds the objections lacking in merit.

### Factual & Procedural Background

In his amended complaint, plaintiff alleges a denial of medical care claim against defendant Dr. Michelle Lastrapes (docket entry no. 29). Plaintiff alleges specifically that defendant Lastrapes was deliberately indifferent to his serious medical needs. Plaintiff contends he suffers from a variety of medical issues, such as a misshapen skull and face, headaches, chronic pain, and numerous broken bones. Plaintiff avers defendant Lastrapes will not treat him in violation of plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff seeks compensatory and punitive damages and declaratory

relief. Defendant Lastrapes, along with other defendants, were ordered to answer on January 18, 2017 (docket entry no. 32). Defendant Lastrapes filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies (docket entry no. 38).

The Magistrate Judge to whom this case was referred entered a Report and Recommendation on February 27, 2017, recommending the motion to dismiss be granted as plaintiff concedes in his amended complaint that he has not exhausted his administrative remedies (docket entry no. 41).

Plaintiff filed objections to the Report and Recommendation on March 16, 2017, stating he exhausted his administrative remedies with respect to his claims against defendant Lastrapes (docket entry no. 46). The Magistrate Judge entered an order on April 17, 2017, giving plaintiff fifteen (15) days to provide copies of the grievances he claims demonstrate he has exhausted his administrative remedies with respect to his claims against defendant Lastrapes (docket entry no. 55).

Plaintiff substantively responded to the order for the first time on May 19, 2017, stating the grievances were attached to his original complaint (docket entry no. 61). Defendant Lastrapes responded stating any such grievances were hand-written and could not be considered for exhaustion (docket entry no. 67).

Plaintiff then filed a response on July 27, 2017, providing copies of grievances that were processed by the grievance department (docket entry no. 75). Defendant Lastrapes filed a reply on August 7, 2017 in opposition (docket entry no. 82). Defendant Lastrapes argues that plaintiff's response is over 3 months after the requisite deadline and regardless, plaintiff's claims against defendant Lastrapes should be dismissed as plaintiff did not properly exhaust his administrative remedies before filing suit.

## Analysis

Plaintiff attached two grievances to his response to the Magistrate Judge's order (docket entry no. 75). Grievance No. 2017028837 was submitted on October 24, 2016. A response to the step 1 grievance is dated December 8, 2016. Plaintiff submitted his step 2 grievance on December 21, 2016 and a response was dated January 13, 2017. Grievance Number 2017028832 was also submitted

on October 24, 2016. A response to the step 1 grievance was also dated December 8, 2016. Plaintiff submitted his step 2 grievance on December 19, 2016 and a response was dated January 11, 2017.

With respect to both grievances, plaintiff's amended complaint adding defendant Lastrapes was reportedly mailed on December 31, 2016 after he submitted both his step 2 grievances but before he received a response.[1]

In 2012, the Fifth Circuit expressly stated that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process *before* filing their complaint. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added).[2] Exhaustion after filing of the lawsuit does not establish proper exhaustion. *Curry, Jr. v. Miss Dept' of Corr.*, 586 F. App'x 165, 166 (5th Cir. 2014) (affirming trial court's dismissal for the inmate-plaintiff's failure to exhaust his administrative remedies before filing suit) (citing *Gonzales*, 702 F.3d at 787-88). Because plaintiff failed to properly exhaust his administrative remedies before filing suit, plaintiff's claims against defendant Lastrapes should be dismissed.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A partial judgment will be entered in accordance with the recommendations of the Magistrate Judge.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge

---

[1] The amended complaint was docketed on January 17, 2017 (docket entry no. 29).

[2] The Court in *Gonzales* overruled prior case law giving district courts the discretion to "excuse" an inmate's failure to exhaust before filing sit. *Id*. (overruling *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998)). The inmate in Gonzales completed the ARP after filing his federal lawsuit. The Court held that was not sufficient to comply with the PLRA's exhaustion requirements.